*M.G. v. Rye City School District*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-six.

PRESENT:
>SUSAN L. CARNEY,
>MICHAEL H. PARK,
>BETH ROBINSON,
>>*Circuit Judges.*

---

M.G., INDIVIDUALLY AND ON BEHALF OF N.G.,

>*Plaintiff-Appellant,*

>v.                                          25-480

RYE CITY SCHOOL DISTRICT,

>*Defendant-Appellee.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:                        M.G., pro se, Rye, NY.

FOR DEFENDANT-APPELLEE:                         THOMAS SCAPOLI, Ingerman Smith, LLP, Harrison, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 30, 2025 judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant M.G. appeals from the district court's judgment granting the motion to dismiss of Defendant-Appellee Rye School District (the "District") for want of jurisdiction.

M.G. argues that the District failed to provide her child, N.G., a free appropriate public education ("FAPE"), as required by the Individuals with Disabilities Education Act (the "IDEA"). On April 16, 2023, an Independent Hearing Officer ("IHO") rejected that argument, concluding that the District provided N.G. a FAPE. Wishing to contest that conclusion, under New York law M.G. had "40 days after the date of the decision" to serve the District with a request for review by a State Review Officer ("SRO"). 8 N.Y.C.R.R. § 279.4(a). M.G. attempted to effect service at the District's office in person on Friday, May 26, 2023, exactly 40 days after the IHO's decision, but found it closed, apparently in connection with the fact that the following Monday was Memorial Day. M.G. then served her request for review the following Tuesday.

2

The District filed an answer to the request for review in which it argued that M.G.'s request for review was neither timely served nor served on the right officials, and that for both reasons the request should be dismissed. M.G., who was represented by counsel, did not file a reply to the District's submission. The SRO then dismissed her request for review as untimely.

Still proceeding through counsel, M.G. then filed suit in the United States District Court for the Southern District of New York (Seibel, *J.*), alleging that the District violated the IDEA. That court dismissed her complaint, accepting the SRO's timeliness determination on arbitrary and capricious review, and reasoned that M.G.'s untimely appeal amounted to a failure to exhaust her administrative remedies. The court concluded that this failure to exhaust barred the court from exercising jurisdiction.

M.G. now appeals, proceeding pro se. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

The IDEA requires an aggrieved party "to exhaust all administrative remedies" before bringing a state or federal civil action alleging IDEA violations, so long as such exhaustion would not be "futile." *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 204–05 (2d Cir. 2007).[1] After the district court issued its opinion dismissing M.G.'s

---

[1] Unless otherwise indicated, in this order we omit all internal quotation marks, alteration marks, emphases, footnotes, and citations from quoted language.

complaint for want of jurisdiction because she failed to timely appeal, we clarified that the IDEA's exhaustion requirement "is not jurisdictional but is instead a claim-processing rule." *J.M. v. N.Y.C. Dep't of Educ.*, 161 F.4th 149, 153 (2d Cir. 2025). As we did in *J.M.*, then, we will "review the District Court's dismissal under the standard for failure to state a claim upon which relief can be granted," "accept[ing] all material factual allegations in the complaint as true and draw[ing] all reasonable inferences in favor of the plaintiff[.]" *Id.* at 154.

Applying this approach, we find no error in the district court's conclusion that M.G. failed to exhaust her administrative remedies. We accordingly affirm the judgment of dismissal. We do so, however, not for want of jurisdiction but on the ground that M.G.'s complaint failed to state a claim. *See Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 (2d Cir. 2020) ("[W]e may affirm on any basis for which there is sufficient support in the record.").

Courts in this Circuit have consistently held that "absent good cause shown," "a party who fails to make a timely appeal to the SRO, or fails to timely serve the respondent, has failed to satisfy the exhaustion requirement." *Khanimova v. Banks*, No. 23-cv-4124, 2024 WL 2093470, at *3 (S.D.N.Y. May 9, 2024); *see B.C. ex rel. B.M. v. Pine Plains Cent. Sch. Dist.*, 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013) (collecting cases). The IDEA's exhaustion requirement serves to "channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and

4

promptly resolve grievances." *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 487 (2d Cir. 2002), *abrogated on other grounds by Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 147–48 (2023). When a party fails to obtain timely administrative review of its IDEA-based dispute and the SRO does not review and decide the merits of the party's argument, the state educational agency has been denied the opportunity "to bring its expertise to bear on a problem as well as to correct its own mistakes." *Id.*

That the SRO dismissed M.G.'s petition as untimely may not necessarily foreclose all judicial review of that decision, however. We have not yet addressed in a published opinion what standard of review district courts should apply on a challenge to an SRO's rejection of a parent's petition for review as untimely. District courts in our Circuit have generally applied an arbitrary and capricious standard in considering such a determination, as the district court did here. *See, e.g., Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-cv-6964, 2019 WL 4600870, at *10 (S.D.N.Y. Sept. 21, 2019); *B.C. ex rel. B.M.*, 971 F. Supp. 2d at 365; *Kelly ex rel. M.K. v. Saratoga Springs City Sch. Dist.*, No. 109-cv-276, 2009 WL 3163146, at *4 (N.D.N.Y. Sept. 25, 2009). On the other hand, when an SRO resolves a parent's challenge on the merits, we have called for a more rigorous "independent judicial review"—giving "due weight" to the SRO's "specialized knowledge and experience"—of an SRO's determination that "a challenged [individualized education program] will provide a child with an appropriate public education." *See Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998)

5

(quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 205 (1982)). And an interpretation of the IDEA, as opposed to of New York procedural requirements, constitutes a legal determination that we review de novo. *See S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601, 603 (2d Cir. 2006). We have not addressed what standard of review applies to an SRO's dispositive procedural determinations. We need not choose among these standards here, however, because we determine that M.G. waived the arguments that she now presents by failing to timely present them to the SRO. *See Ry. Lab. Execs.' Ass'n v. United States*, 791 F.2d 994, 1000 (2d Cir. 1986) ("It is beyond cavil that a petitioner's failure to assert an argument before an administrative agency bars it from asserting that argument for the first time before a reviewing court.").

M.G. contends that she timely served her request for review. New York law provides that if the last day for service of a request for review "falls on a legal holiday, service may be made on the following business day." 8 N.Y.C.R.R. § 279.11(b). M.G. argues first that this provision applies here and means that her service was timely: because the District's offices were closed on May 26, 2023—the 40th day after the IHO's decision— she could timely make service on the first business day following the holiday. She argues, second, that the SRO and the court should apply equitable tolling and other "equitable doctrines designed to ensure fair access to the judicial system" to extend the 40-day filing period. Appellant's Br. at 18–19.

M.G. waived these arguments, though, by failing to raise them in the proceedings before the SRO. Although she had an opportunity to do so, she made no written submission at all to the SRO in reply to the District's submission arguing untimeliness. *See* 8 N.Y.C.R.R. § 279.6(a). Only after the SRO issued its final decision on July 6, 2023, did she attempt to raise the argument that May 26 was a legal holiday, thus excusing her from filing then, and that the SRO's ruling otherwise impermissibly shortened the statutory period for seeking review. And at no point before this appeal did she argue that the SRO or the district court should apply the doctrine of equitable tolling. M.G.'s failure to make any argument of timeliness to the SRO before its decision denied the SRO the opportunity to consider whether the District's Friday closure effected an extension of the service deadline or otherwise made her May 30 service timely.

In this posture, we must decline to second-guess the SRO's decision. We conclude that the district court correctly dismissed M.G.'s suit, albeit not for want of jurisdiction, but for failure to state a claim, in light of M.G.'s failure to exhaust her administrative remedies.

\* \* \*

We have considered M.G.'s remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** on other grounds.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

7